Jones, J.
Counsel for plaintiff in error urge several reasons why the judgment of the court of appeals should he reversed. However, we are contení to place our judgment on but one of them. Had the city council, under the circumstances, the power to waive its right to the deposit of $10,000 and to refund that sum to the depot company on revocation of the franchise granted by the previous ordinance? The court of appeals held that upon forfeiture of the franchise this sum eo instanti became the property of the city, and that the city’s effort to yield its possession to the depot company was therefore a gift to the latter by the city, although this refunder was coupled with the declaration of forfeiture. Had this sum become the property of the city, or had the city attempted to make a donation thereof, without consideration, the decision of the court of appeals undoubtedly would have been correct. The legal conclusion arrived at by that court, however, is based upon a false premise. At the time of the revocation the sum of $10,000, whether considered as liquidated damages or penalty, had not become the property of the city. Nor did the city attempt to make it such, but, on the other hand, it distinctly provided that it should be delivered to the depot company. Moreover, had the city in fact attempted to claim the deposit as a forfeiture, it would have been under a forfeiture created by its own act. The terms of the ordinance do not provide for forfeiture by the city; the ordinance reads that the ‘ ‘ sum shall become the *316 property of the city of Cincinnati if at any time this franchise is forfeited.” Since the right to forfeiture was not reserved to the city under this ordinance, it is evident that such forfeiture could not be accomplished except by mutual assent or by legal adjudication. Two of the judges of the court of appeals concurring in the judgment were of opinion that subdivision 4 of the ordinance, authorizing the auditor to pay the deposit to the depot company, “would be a valid legislative enactment if passed for the purpose of adjusting the difference between the company and the city over their respective rights under the provisions of the franchise.” In this principle we concur, and there is ample legal authority supporting it.
There is no substantial dispute in the facts disclosed. At the time of the passage of the ordinance of revocation the city was contending that the conditions imposed in the franchise-grant had not been complied with, while the depot company was insisting upon substantial compliance. It appears that the revoking-ordinance was referred by the council to its committee on ways and means. The report of this committee was made upon the same day the ordinance was passed, but prior to its passage, and the report conclusively shows that these differences, “both as to existence of the causes of forfeiture and revocation set forth in ordinance,” were presented by representatives of the company and of the city. This committee recommended the passage of the ordinance, which was done over the protest of the officials of the depot company; and ita passage, with the remission of the deposit, cannot be otherwise considered than as an attempt to adjust their dif *317 ferenees and secure the acquiescence of the company. On the same day, but prior to the passage of the revoking-ordinance, the depot company filed its petition asking that the city be restrained from forfeiting its franchise. Therefore, in view of the circumstances, the city council had plenary power to disclaim possession of the deposit, and had the depot company accepted. the same unequivocally at that time there could be no question as to the validity of the action of the city authorities.
Counsel for the depot company insist that the deposit made was a penalty to be paid upon forfeiture, while the city solicitor insists that this sum was liquidated damages. If there were doubt as to the character of this deposit at the time of the passage of the ordinance, which would become the subject of future litigation, that would be a sufficient consideration in itself for the settlement of differences between these parties. Having the power to enact the franchise-ordinance the city could have waived the condition that required the prosecution of work within one year from the date of approval of the plans, and we have no doubt council could have waived the forfeiture, or have declared it, coupling therewith a refund of the deposit.
In the chapter relating to waivers of forfeiture by municipal authorities we find the following text: “Municipal authorities may waive the performance of conditions imposed by them and the right to enforce a forfeiture for failure to comply with such conditions.” 4 McQuillin on Municipal Corporations, Section 1667.
It is argued by the city that the provisions of the revoking-ordinance “were not accepted by the com *318 yany, bnt were expressly repudiated by the institution of this action.” This view was expressed in the opinion of the two concurring judges of the court of appeals. It is true that the plaintiff in error cannot stand upon its original franchise and claim the deposit at the same time. Its original action in the court of common pleas was one based upon the validity of its original franchise. But the record discloses that in the course of the trial below the plaintiff in' error yielded its right to affirmative relief and confined its effort to the reclamation of the $10,000 deposit. It is true that the record contains a large amount of evidence tending to show substantial compliance with the terms of its franchise, but this was likewise competent upon the issue made by the cross-petition, as tending to show the differences existing between the parties and as sustaining a consideration for the action of the city council. . It is manifest from the record that the depot company no longer pressed its action for injunctive relief, but relied upon its right to accept the deposit in the city’s hands under the terms of the ordinance. It is true the record does not disclose an express acceptance of this ordinance by the company, but the course of the trial shows an acceptance in legal effect. As stated in the opinion of the court of appeals, the original suit for the protection of its franchise was brought immediately prior to the passage of the ordinance. In the spring of 1913 the president of the depot company wrote a letter to the mayor of the city of Cincinnati, in which he suggested that in view of the uncertainty in regard to the project they “be permitted to take down the $10,000 cash forfeit posted with the city when this franchise was granted,” and *319 that the franchise be amended in an effort to induce the authorities to erect a modem station in such location and of such construction as would be agreeable. This letter was excluded by the court, but was pertinent evidence tending to show that the depot company was at that time willing to take the deposit. The opinion of the court of appeals discloses that it had under consideration not the affirmative relief asked for by the plaintiff, but the question who was entitled to the deposit under the provisions of Section 4 of the ordinance. Moreover counsel for the city concedes that such was the case, for in their brief they say: “Its [plaintiff in error’s] counsel specifically disavowed the existence of any franchise, and expressed its intention to disclaim one should any be found to exist.” Plaintiff in error in the court below could have dismissed its original petition and elected to stand upon its legal acceptance of the provisions of the revoking-ordinance in its favor. This was in fact done in the trial court.
For the reasons stated, the judgments of the lower courts will be reversed and judgment here rendered upon the cross-petition in favor of the plaintiff in error.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Matthias, JJ., concur.